# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Lindsay **Horn**, on behalf of
herself and all other similarly situated,

                  Plaintiffs,

v.

**PEMC, LLC d/b/a Legends
Gentlemen's Entertainment Club** and
Bo **Salima**,

                  Defendants.

Case No. 2:19-cv-12243-MAG-MKM
Hon. Judge Laurie J. Michelson

---

## DEFENDANTS' MOTION TO DISMISS AND/OR
## TO STAY AND TO COMPEL ARBITRATION

Defendants PEMC, LLC d/b/a Legends Gentlemen's Entertainment Club and

Bo Salima, through their undersigned counsel, move this Court to dismiss Plaintiff's

complaint under the applicable Federal Rules of Civil Procedure because the dispute

between the parties is governed by a valid and enforceable arbitration agreement.

Alternatively, this Court should stay the case and compel Plaintiff to arbitrate her

claims on an individual basis against Defendants.  The factual and legal bases for

this Motion are set forth more fully in the accompanying memorandum of law.

In accordance with E.D. Mich. L.R. 7.1, Counsel for Defendants called

Counsel for Plaintiff and sought concurrence with respect to the relief requested by

this motion.  Counsel for Plaintiff was unavailable, but Counsel for Defendants left

a detailed voice mail message regarding the motion and seeking concurrence.  As of the filing of this motion, no response was received and it is anticipated that concurrence will not be provided, thereby requiring the filing of this motion.

Respectfully submitted,

Jaffe, Raitt, Heuer & Weiss, P.C.

By:   s/Patrice S. Arend
Ethan Holtz (P71884)
Patrice S. Arend (P56962)
27777 Franklin Rd, Ste. 2500
Southfield, MI 48034
(248) 351-3000
eholtz@jaffelaw.com
parend@jaffelaw.com
*Attorneys for Defendants*

Dated:  October 11, 2019

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Lindsay **Horn**, on behalf of
herself and all other similarly situated,

                        Plaintiffs,

v.

**PEMC, LLC d/b/a Legends**
**Gentlemen's Entertainment Club** and
Bo **Salima**,

                        Defendants.

Case No. 2:19-cv-12243-MAG-MKM
Hon. Judge Laurie J. Michelson

---

### MEMORANDUM OF LAW
### IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS AND/OR
### TO STAY AND TO COMPEL ARBITRATION

## Concise Statement of Issue Presented

Should this Court dismiss Plaintiff's complaint or stay these proceedings pending arbitration where the parties entered into a valid and enforceable arbitration agreement to resolve the dispute presented in Plaintiff's complaint?

## Controlling or Most Appropriate Authority

*Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013)

*Atkins v. Louisville & Nashville R.R. Co.*, 819 F.2d 644, 647 (6th Cir. 1987)

*AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011).

*AT&T Technologies Inc. v. Communications Workers of America*, 475 U.S 643, 648-69 (1986);

*Bishop v. Gosiger, Inc.*, 692 F. Supp. 2d 762, 767 (E.D. Mich. 2010)

*Bowie v. Clear Your Debt, LLC*, 523 F. App'x 315, 217 (6th Cir. 2013)

*Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 221 (1985)

*Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018)

*Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2000)

*Gaffers v. Kelly Services, Inc.*, 900 F.3d 293 (6th Cir. 2018)

*Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000)

*Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)

*McGrew v. VCG Holding Corp.*, 735 Fed. Appx. 210 (6th Cir. Aug. 23, 2018)

*Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163 (8th Cir. 1984)

2

9 U.S.C. § 1 *et seq.*

Fed. R. Civ. Pro. 12(b)(1)

Fed. R. Civ. Pro. 12(b)(6)

## Introduction

This case involves a claim by an exotic dancer, on behalf of others similarly situated, against an adult entertainment club attempting to bring a collective and class action against the club and its general manager, alleging claims under the Fair Labor Standards Act ("FLSA") and Michigan Minimum Wage Law. Specifically, Plaintiff alleges that Defendants have misclassified Plaintiff as an independent contractor rather than as an employee, resulting in a violation of the governing state and federal law. Although not relevant for purposes of this Motion, Defendants deny these allegations.

Plaintiff, however, cannot bring her claims in this or any other court because Plaintiff entered into a March 2017 Dance Performance Lease with the Legends Club, which contractually precludes her from bringing a class or collective action in court. The Lease Agreement expressly provides for binding arbitration of any dispute, and the waiver of a right to a jury trial. Further, Plaintiff specifically agreed that she would only bring claims in her individual capacity and specifically disavowed her right to seek class or collective action relief. A recent U.S. Supreme Court decision and other authorities make clear, these arbitration agreements and class- and collective-action waivers are valid and fully enforceable.

Notwithstanding, Plaintiff filed a lawsuit in this Court seeking precisely the relief to which she agreed she was not entitled. Because Plaintiff's claim was

4

improperly filed in this Court, and any decision regarding her claim should be resolved through binding arbitration, this Court should dismiss this case. Alternatively, this Court can stay the proceedings and compel arbitration.

## Statement of Facts

### The Parties

PEMC, LLC is a Michigan limited liability company.  (Compl. ¶11 [Dkt. No.1].)  PEMC operates an adult entertainment club in Detroit under the name The Legends Club ("Legends Club").  (*Id.* ¶¶11, 23.)  Bo Salima is an owner and general manager at Legends Club.  (*Id.* ¶12.)

Plaintiff is alleged to be a resident of Michigan.  (*Id.* ¶8.)  Plaintiff claims to have performed "work" at Legends Club from March 2017 until December 2018.  (*Id.* ¶27.)

Plaintiff brings her claim individually and on behalf of a putative collective and Rule 23 class for alleged violations of the FLSA.

### The Agreement

In March 2017, Plaintiff approached Legends Club regarding a possible relationship with it whereby she would dance in return for compensation. The Legends Club offered Plaintiff the opportunity to be an employee, with certain restrictions on her ability to perform, or an independent contractor position, whereby she would lease space from Legends Club and retain more control over her own

5

business. Legends Club provided Plaintiff with a sheet that explained the benefits of having an employment relationship with Legends Club. After reviewing the options in detail, Plaintiff elected to enter into a Dancer Performance Lease ("Lease Agreement"). (**Exhibit 1**.)

In the Lease Agreement, Plaintiff specifically disavowed any employment relationship with Legends Club in favor of a landlord-tenant relationship. (Lease Agreement ¶12.) She selected what days and times she would perform at the Legends Club, and would keep all monies she earned during her performances, subject only to a $65/day rent on the days she elected to perform.[1]  Importantly, the Lease Agreement contained a mandatory arbitration clause and class/collective action waiver. The Lease Agreement provides, in that regard, as follows:

> 21.   Arbitration/Waiver of Class and Collective Actions/Attorneys Fees and Costs
>
> A.   ANY CONTROVERSY, DISPUTE, OR CLAIM (IN THIS PARAGRAPH 21, COLLECTIVELY "CLAIM") ARISING OUT OF THIS LEASE OR OUT OF ENTERTAINER PERFORMING AT THE CLUB WHETHER CONTRACTUAL, IN TORT, OR BASED UPON COMMON LAW OR STATUTE, SHALL BE EXCLUSIVELY DECIDED BY BINDING ARBITRATION HELD PURSUANT TO THE FEDERAL ARBITRATION ACT (the "FAA"), AND SHALL BE ADMINISTERED BY A NEUTRAL ARBITRATOR AGREED UPON BY THE PARTIES, WHO SHALL BE PERMITTED TO AWARD, SUBJECT ONLY TO THE

---

[1]    Contrary to the allegations in the complaint, she was not required to share tips with anyone. Again, this would be an issue for the arbitrator to decide, not this Court.

RESTRICTIONS CONTAINED IN THIS PARAGRAPH 21, ANY RELIEF AVAILABLE IN A COURT. THE PARTIES WAIVE ANY RIGHT TO LITIGATE SUCH CLAIMS IN A COURT OF LAW, AND WAIVE THE RIGHT TO TRIAL BY JURY. THE ARBITRATOR SHALL PERMIT REASONABLE DISCOVERY, AND ALL PARTIES SHALL HAVE THE RIGHT TO BE REPRESENTED BY LEGAL COUNSEL, TO SUBPOENA WITNESSES IN ORDER TO COMPEL THEIR ATTENDANCE AT HEARINGS, AND TO CROSS-EXAMINE WITNESSES. THE PROCEEDINGS SHALL BE CONDUCTED IN ACCORDANCE WITH RUDIMENTARY DUE PROCESS, AND THE ARBITRATOR'S DECISION SHALL BE IN WRITING AND SHALL CONTAIN FINDINGS OF FACT AND CONCLUSIONS OF LAW. THE ARBITRATOR'S DECISION SHALL BE FINAL, SUBJECT ONLY TO REVIEW UNDER THE FAA. FOR ANY CLAIMS BASED UPON STATUTORY PROTECTIONS, THE CLUB SHALL PAY ALL FEES CHARGED BY THE NEUTRAL ARBITRATOR. THE ARBITRATOR SHALL HAVE EXCLUSIVE AUTHORITY TO RESOLVE ANY AND ALL DISPUTES OVER THE VALIDITY AND/OR ENFORCEABILITY OF ANY PART OF THIS LEASE, INCLUDING THIS AGREEMENT TO ARBITRATE ANY AND ALL CLAIMS. ANY AWARD BY THE ARBITRATOR MAY BE ENTERED AS A JUDGMENT IN ANY COURT HAVING JURISDICTION.

B. ENTERTAINER AGREES THAT ALL CLAIMS BETWEEN HER AND THE CLUB (AND ANY OTHER PERSON OR ENTITIES ASSOCIATED WITH THE CLUB) SHALL BE BROUGHT AND MAINTAINED BY HER INDIVIDUALLY, THAT SHE WILL NOT CONSOLIDATE HER CLAIMS WITH THE CLAIMS OF ANY OTHER INDIVIDUAL, THAT SHE WILL NOT SEEK CLASS OR COLLECTIVE ACTION TREATMENT FOR ANY CLAIM THAT SHE MAY HAVE, AND THAT SHE WILL NOT PARTICIPATE IN ANY CLASS OR COLLECTIVE ACTION AGAINST THE CLUB OR AGAINST ANY PERSONS OR ENTITIES ASSOCIATED WITH THE CLUB. IF AT ANY TIME ENTERTAINER IS MADE A MEMBER OF A CLASS IN ANY PROCEEDINGS, SHE WILL "OPT OUT" AT THE FIRST OPPORTUNITY,

> AND SHOULD ANY THIRD PARTY PURSUE ANY
> CLAIMS ON HER BEHALF, ENTERTAINER SHALL
> WAIVE HER RIGHT TO ANY SUCH MONETARY
> RECOVERY.
> C.   ANY JUDGMENT, ORDER OR RULING ARISING OUT OF
> A CLAIM BETWEEN THE PARTIES SHALL, TO THE
> EXTENT PERMITTED BY APPLICABLE LAW, AWARD
> COSTS INCURRED FOR THE PROCEEDINGS AND
> REASONABLE ATTORNEY FEES TO THE PREVAILING
> PARTY.
> ALL PORTIONS OF THIS PARAGRAPH 21 SURVIVE
> TERMINATION OF THIS LEASE.

(Lease Agreement ¶21, Ex. 1 (caps and underlining in original.)

Plaintiff acknowledged that she read and understood all of the Lease Agreement's terms, and had the opportunity to ask questions and have a third party review the agreement, including any attorneys or counsel. (Lease Agreement at signature page, Ex. 1.)

In short, as relevant here, Plaintiff agreed to submit *any controversy* between her and Legends Club, or arising out of her performing at Legends Club, to binding arbitration on an individualized basis only.

### *The Dispute*

On or about May 7, 2019, Plaintiff issued a demand against Legends Club for compensation for unpaid wages under the FLSA. Plaintiff claimed that she was improperly classified as an independent contractor. She further alleged that she was not properly paid minimum wage.

8

Legends Club denied any liability to Plaintiff, and reminded her that should she wish to resolve any such dispute, she must file a demand for arbitration as required under the terms of the Lease Agreement.  (**Exhibit 2**.)

### *Procedural History*

On July 30, 2019, Plaintiff filed this lawsuit in this Court in direct contravention of Defendants' notice to Plaintiff that she was required to arbitrate her claim.  (Compl. [Dkt. No. 1]  Count I alleges a claim under the FLSA for failing to pay minimum wage.  Count II alleges a violation of the Michigan Minimum Wage Law.

However, pursuant to her Lease Agreement, Plaintiff is not permitted to litigate her claims in this Court.  Nor is she permitted to pursue a class or collective action.  The Lease Agreement requires Plaintiff to resolve any and all controversies exclusively through binding arbitration on an individualized basis.  Thus, this Court should dismiss this case or, alternatively, stay all further proceedings and compel arbitration.

### <u>Argument</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint "for failure to state a claim upon which relief can be granted."  Fed. R. Civ. Pro. 12(b)(6).  "The purpose of Rule 12(b)(6) is to allow a defendant to test whether, as a matter of law, the plaintiff is entitled to legal relief even if everything

is alleged in the complaint is true." *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993). A motion to dismiss grounded on an arbitration clause may be brought under Rule 12(b)(6). *High v. Capital Senior Living Properties 2-Heatherwood*, 594 F. Supp. 2d 789, 795 (E.D. Mich. 2008) (Lawson, J.)

Alternatively, Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a party to file a motion to dismiss the adverse party's claims based on the court's lack of subject-matter jurisdiction. Numerous courts have held that, "[i]f a district court determines that parties have agreed to arbitrate a dispute, the district court . . . no longer has the authority to resolve arbitrable claims." *Continental Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 732 (7th Cir. 2005). Consequently, agreements to arbitrate have been held to be jurisdictional, permitting dismissal under Rule 12(b)(1). *See Atkins v. Louisville & Nashville R.R. Co.*, 819 F.2d 644, 647 (6th Cir. 1987) (treating dismissal under Rule 12(b)(1)); *Ozormoor v. T-Mobile USA, Inc.*, 354 F. App'x 972, 975 (6th Cir. 2009) (dismissal is appropriate remedy when all plaintiffs' claims are subject to arbitration).[2] Regardless of the standard used, the relief requested by Defendants is supported by the Federal Rules of Civil Procedure.

---

[2] Other courts that have considered this issue have applied the standard under Rule 56 of the Federal Rules of Civil Procedure. *See, e.g., Woodison Lyman v. Greater Boston Radio, Inc.*, No. 09-14502, 2010 WL 2557831 at *3 (E.D. Mich. June 21, 2010) (Borman, J.).

## I.   The Federal Arbitration Act Requires Enforcement of Plaintiff's Lease Agreement.

Through the FAA, Congress has declared a national policy favoring alternate dispute resolution agreements. 9 U.S.C. § 1; *Garrett v. Hooters-Toledo*, 295 F. Supp. 2d 774 (N.D. Ohio 2003). By adopting the FAA, federal law has endorsed private arbitration agreements as a way of avoiding protracted litigation. The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, . . . *shall be valid, irrevocable, and enforceable*, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (emphasis added). The FAA requires courts to "rigorously enforce agreements to arbitrate." *Dean Witter Reynolds v. Byrd*, 470 U.S. 213, 221 (1985); *Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013).

As a result, if any court action or proceeding is filed which involves disputes or claims subject to a valid arbitration agreement, then the trial court should either stay the litigation pending arbitration or dismiss the action. 9 U.S.C. §§ 3-4.

§ 3.  Stay of proceedings where issue therein referable to arbitration

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, ***shall*** on application

11

of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C.S. § 3 (emphasis added).  Alternatively, a district court may dismiss an action where all of the claims are arbitrable.  *Green v. Ameritech Corp.*, 200 F.3d 967, 973 (6th Cir. 2000) ("The weight of authority clearly supports dismissal of the case when all the issues raised in the district court must be submitted to arbitration."); *Bishop v. Gosiger, Inc.*, 692 F. Supp. 2d 762, 767 (E.D. Mich. 2010) (Feikens, J.) (citing *Hensel v. Cargill, Inc.*, 198 F.3d 245, 1999 WL 993775 (6th Cir. 1999) (unpublished decision).)  When all of the issues raised in the complaint are subject to arbitration, the appropriate remedy is dismissal.  *Garrison v. Transunion*, No. 08-10859, 2010 WL 1063968 at *5 (E.D. Mich. Feb. 26, 2010) (citing *Green*, 200 F.3d at 973.)  "[A] Court may not deny a motion to stay or dismiss 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'"  *Bishop*, 692 F. Supp. 2d at 768 (quoting *AT&T Technologies, Inc. v. Comms. Workers*, 475 U.S. 643, 650 (1986).)

In considering a motion to dismiss or to stay proceedings, a court must make several preliminary determinations:  (1) whether the parties agreed to arbitrate; (2) whether the dispute is within the scope of the arbitration agreement; (3) if federal statutory claims are involved, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims in the action are subject to

arbitration, whether to stay the remainder of the proceedings pending arbitration. *Fazio v. Lehman Bros.*, 340 F.3d 386, 392 (6th Cir. 2000). All of these elements are satisfied in the instant case.

## II. Plaintiff's Claims are Subject to of a Valid and Enforceable Arbitration Clause.

The decision to submit disputes to arbitration is a consensual one, *Arrow Overall Supply Co. v. Peloquin Enterprises,* 414 Mich. 95, 98 (1982); *AT&T Technologies Inc. v. Communications Workers of America,* 475 U.S 643, 648-69 (1986); *Morgan v. Smith Barney, Harris Upham & Co.*, 729 F.2d 1163 (8th Cir. 1984), and therefore, is a matter of contract. *Ehresman v. Bultynick & Co.*, 203 Mich. App. 350, 353 (1994).[3] Accordingly, whether the parties intended a particular dispute to be arbitrated is a matter of contract interpretation and therefore governed by the normal rules of contract interpretation. *Morgan*, 729 F.2d at 1165. The scope of the arbitration clause, like any contract provision, is therefore a question of the intent of the parties. *McDonnell Douglas Finance v. P.A. Power & Light Co.*, 858 F.2d 825, 831 (2nd Cir. 1988). Here, the parties agreed to arbitrate any dispute between them relating to Plaintiff's association with Legends Club.

No dispute exists regarding the parties' agreement to arbitrate. As set forth in the Statement of Facts above, the parties entered into a Lease Agreement that

---

[3] The Agreement is to be governed by Michigan law. (Lease Agreement ¶ 20.)

contained a detailed arbitration provision in Paragraph 21 that requires Plaintiff to arbitrate *any and all* claims between her and Legends Club. Plaintiff further confirmed that she read and understood the agreement and had the opportunity to ask questions of her personal advisors.[4] Plaintiff has no valid excuse for not submitting this matter to arbitration.

### III. Plaintiff's Claims Against Defendant are Within the Scope of Their Arbitration Agreements.

The disputes that are at issue in the instant case all fall within the scope of the arbitration clause. The arbitration clause is very broad, expressly covering "any" dispute arising out of the Agreement. "Any claim or dispute means any claim or dispute." *Garrison*, 2010 WL 1063968 at *5. The claims asserted in Plaintiff's Complaint all arise out of her relationship with Legends Club, and therefore are within the scope of the arbitration clause contained in the Agreement. Indeed, an arbitration clause covers all disputes "unless the person seeking to avoid it can show that the particular dispute is expressly excluded." *Cincinnati Gas & Electric Co. v. Benjamin F. Shaw Co.*, 706 F.2d 155, 160 (6th Cir. 1983). No such exclusions exist.

---

[4] Nevertheless, the law in Michigan is that parties are presumed to understand the terms of any agreement they sign. *Sutton v. U.S. Small Bus. Admin*, 92 Fed. Appx. 112, 125-26 (6th Cir. 2003) ("Michigan law 'presumes that one who signs a written agreement knows the nature of the instrument so executed and understands its contents.'") (quoting *McKinstry v. Valley Obstetrics-Gynecology Clinic*, 405 N.W.2d 88, 96 (Mich. 1987).) Therefore, this Court must presume that Plaintiff knew and understood the terms of the Lease Agreement when she signed it, irrespective of her ability to seek guidance from others.

Even Plaintiff's dispute against Salima are covered under the arbitration provision.  Although he is not a signatory to the Lease Agreement, the arbitration provision includes a specific statement that it applies to all claims between Plaintiff "and the Club (and any other person or entities associated with the Club." (Lease Agreement ¶21(B).

Notwithstanding, Salima's lack of signature to the Lease Agreement is of no consequence.  "[W]here there is an agency relationship between a signatory and a nonsignatory [to an arbitration agreement], the nonsignatory may compel arbitration." *Bowie v. Clear Your Debt, LLC*, 523 F. App'x 315, 217 (6th Cir. 2013) (citing *Javih v. First Union Securities*, 315 F.3d 619, 629 (6th Cir. 2003).)  "Further, a signatory is estopped from avoiding arbitration with the nonsignatory where the nonsignatory's claims are intertwined with the underlying contract."  *Id.*  At a minimum, a stay is appropriate as to claims pending that are "inextricably intertwined" with arbitrable claims, such as "when a lawsuit against a nonsignatory depends upon the same facts" as the arbitrable claims, *see Patnik v Citicorp Bank Tr. FSB*, 412 F. Supp. 2d 753, 762 (N.D. Ohio 2005), or "where the arbitration may resolve issues in the lawsuit." *Gordon v. Royal Palm Real Estate Inv. Fund I, LLLP*, No. 09-11770, 2011 WL 835941 at *8 (E.D. Mich. Mar 8, 2011) (citing *Sierra EquitiesRutile Ltd. v. Katz*, 937 F.2d 743, 750 (2nd Cir. 1991).)

15

Here, all of these scenarios are satisfied. First, not only do agency relationships exist between Legends Club and Salima as alleged in the Complaint, but it is beyond argument that their only theoretically possible liability on Plaintiff's claims here are due to this agency relationship with Legends Club. Further, Plaintiff asserts claims against all Defendants based on the same facts, and arbitration would resolve the same issues as to Salima, as it will regarding the Legends Club. Indeed, all of Plaintiff's claims against Defendants stem from her business relationship with Legends Club. She does not contend that Salima would owe her wages, other than vicariously through Legends Club. (*See* Compl. ¶¶16 (alleging Defendants are employers under the FLSA) and 20 (alleging Salima is an employer because he is the general manager of the club).) As such, all claims against all Defendants should be arbitrated, even to the extent not explicitly stated in the arbitration agreements.

IV.   **Congress Intended FLSA Claims to be Arbitrable**.

With respect to the Court's third task, determining "whether Congress intended those claims to be non-arbitrable," there is no dispute that FLSA claims are arbitrable. The United States Supreme Court in *Epic Systems Corp. v. Lewis*, 138 S. Ct. 1612 (2018), found that contractual provisions in agreements that require arbitration of individual claims, including claims under the FLSA, to be enforceable. Courts in this judicial district have followed that decision, as they must, in enforcing arbitration agreements that waive FLSA collective actions. *See, e.g., Gaffers v. Kelly*

16

*Services, Inc.*, 900 F.3d 293 (6th Cir. 2018); *see also Southerland v. Corp Transit of Am.*, No. 13-14462, 2014 WL 4906891, at *4 (E.D. Mich. Sept. 30, 2014) ("Plaintiffs bring one statutory claim pursuant to the FLSA. FLSA claims are arbitrable.")

More to the point, this judicial circuit has specifically applied the decision in *Epic Systems* to purported collective actions involving exotic dancers. *McGrew v. VCG Holding Corp.*, 735 Fed. Appx. 210 (6th Cir. Aug. 23, 2018). In *McGrew*, a group of exotic dancers who worked at a "gentleman's club," attempted to bring a class action complaint against various defendants, alleging claims under the FLSA and state employment laws. Each plaintiff, however, had entered into individual arbitration agreements with the Defendants. The district court dismissed the case and compelled individual arbitration, which was affirmed by the sixth circuit. *Id.* The same result is warranted here.

As demonstrated above, the arbitration clause in the Lease Agreement is valid and enforceable. Defendants have not engaged in litigation of these claims beyond this Motion. Indeed, shortly after receiving Plaintiff's demand letter, Defendants directed Plaintiff to submit her claims to arbitration pursuant to the parties' agreement. As such, Defendants have not taken any action that would suggest they waived their arbitration rights.

Further, Plaintiff is likely to argue that her inability to arbitrate on a class or collective basis renders the arbitration provision of the Lease Agreement unenforceable and invalid. This argument has been considered and rejected by courts. Indeed, the U.S. Supreme Court rejected the individual's attempt to invalidate arbitration provisions because they prohibit class or collective action treatment of wage claims. *Epic Systems Corp.*, 138 S. Ct. 1612.

The existence of a claim under the Michigan Minimum Wage Law does not change the result. The enforceability of arbitration provisions also applies to state law claims. A state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the FAA. *Am Express Co.*, 133 S. Ct. at 2310; *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 343 (2011). Although the FAA preserves generally applicable state law contract defenses, state law rules that "stand as an obstacle to the accomplishment of the FAA's objectives" are not similarly preserved. *AT&T Mobility, LLC*, 563 U.S. at 343.

## V. The Court Should Dismiss the Complaint.

When all of the issues raised in a district court must be submitted to arbitration, the "weight of authority clearly supports the dismissal of the case." *Green*, 200 F.3d at 973. Thus, when staying the case and retaining jurisdiction "would serve no purpose," dismissal is appropriate. *Southerland*, 2014 WL 4906891

at *4 ("The Sixth Circuit, like several other circuits, has authorized dismissal of actions where all claims are referable to arbitration and retaining jurisdiction would serve no purpose.")  Since all claims submitted by Plaintiff must be submitted to arbitration, nothing remains for this Court to do.  Therefore, dismissal is appropriate.

## VI.   Alternatively, this Court Should Stay These Proceedings and Order Plaintiff to Individually Arbitrate her Claims.

The recent Supreme Court decision in *Epic Systems v. Lewis*, 138 S. Ct. 1612 (2018) makes clear that class- and collective-action waivers contained in arbitration agreements are fully enforceable in FLSA and state wage and hour cases.  Plaintiff has waiver her ability to bring an FLSA or state wage and hour claim on a class-wide basis in the Lease Agreement. Accordingly, any order from this Court compelling arbitration should therefore further mandate that Plaintiff's claims be arbitrated on an individual basis.  *See Gaffers,* 900 F.3d 293 (6th Cir. 2018); *McGrew v. VCG Holding Corp.*, 735 Fed. Appx. 210.

## Conclusion

Based on the foregoing, Defendants respectfully request that this Court enter an order dismissing Plaintiff's Complaint or, alternatively, staying this matter and ordering the case to arbitration on an individual basis.   Defendants further request this Court award them their costs and attorneys' fees incurred in obtaining such relief, since Plaintiff was put on notice of the arbitration agreement in advance of filing this lawsuit, making the costs incurred in filing this motion unnecessary.

Respectfully submitted,

Jaffe, Raitt, Heuer & Weiss, P.C.

By:    s/Patrice S. Arend
       Ethan Holtz (P71884)
       Patrice S. Arend (P56962)
       27777 Franklin Rd, Ste. 2500
       Southfield, MI 48034
       (248) 351-3000

Dated:  October 11, 2019      eholtz@jaffelaw.com
       parend@jaffelaw.com
       *Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of October, 2019, this document was electronically filed with Clerk of the Court using CM/ECF.  I also certify that on this day, the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing.

/s/ Joan Henderson
Joan Henderson
jhenderson@jaffelaw.com